UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRADLEY M. PETERSON,

      Plaintiff,

  v.                                                     Civil Action 2:22-cv-276
                                                          Judge Edmund A. Sargus, Jr.
                                                          Magistrate Judge Chelsey M. Vascura
KRISTINA M. JOHNSON, *et al.*,

      Defendants.


## OPINION AND ORDER

Plaintiff, Bradley M. Peterson, brings this action under 42 U.S.C. § 1983 against several employees of The Ohio State University in both their individual and official capacities, alleging that they violated his Fourteenth Amended due process rights in connection with an investigation of sexual harassment allegations against Plaintiff. This matter is before the Court on Defendants' Motion to Stay Discovery (ECF No. 15) pending resolution of Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7). For the following reasons, Defendants' Motion to Stay Discovery (ECF No. 15) is **GRANTED IN PART and DENIED IN PART**.

## I.      BACKGROUND

Plaintiff commenced this action against Defendants Kristina M. Johnson, President of The Ohio State University ("OSU"), and Bruce McPheron, Executive Vice President and Provost of OSU, on January 24, 2022. (Compl., ECF No. 1.) Plaintiff's Complaint asserts a single count against both Defendants under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due

process rights, and specifies that the count "is brought against the individual defendants in their official capacity for injunctive relief" and "is brought against the individual defendants in their individual capacity for damages." (*Id.* at ¶¶ 57–58.) On August 29, 2022, the Court granted Plaintiff's Motion to Substitute Party due to Dr. McPheron's replacement as OSU' Executive Vice President and Provost by Melissa L. Gilliam. (ECF Nos 17–18.) The Court noted that, although Ms. Gilliam substituted for Dr. McPheron as to the official-capacity claims against him, the individual-capacity claims against Dr. McPheron remain pending. (Order, ECF No. 18.)

On April 15, 2022, Defendants filed a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6), relying partially on Defendants' assertion of qualified immunity as to Plaintiff's individual-capacity claims for money damages. (ECF No. 7.) After Defendants raised concerns with Plaintiff about the breadth of his discovery requests, Defendants also filed a Motion to Stay Discovery on August 9, 2022 (ECF No. 15), pending resolution of the Motion to Dismiss. The Motion to Stay Discovery argues that all discovery should be stayed until the Court rules on the qualified immunity defense raised by Defendants in their Motion to Dismiss, that Plaintiff's written discovery requests and requested depositions are overbroad and unduly burdensome, and that resolution of these discovery disputes may be avoided if Defendants' Motion to Dismiss is granted. (ECF No. 15.) Defendants recognize that they "could seek a protective order as it relates to overbroad discovery," but "contend that a stay of discovery could allow the parties to potentially avoid needless briefing on Motions to Compel or Motions for Protective Order, thereby preserving the Court's resources as well as their own, at least at this juncture." (*Id.* at 4–5).

In opposition, Plaintiff argues that discovery should be stayed at most as to the individual-capacity claims to which qualified immunity might apply; case law establishes that

discovery as to Plaintiff's official-capacity claims, which will proceed regardless of the qualified immunity determination, should not be delayed merely because Defendants filed a motion to dismiss. (ECF No. 16.) Plaintiff also disputes Defendants' characterization of his discovery requests as overbroad and unduly burdensome. (*Id.*)

## II. STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No.

3

2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *see also Peters*, 2014 WL 6687146, at *3.

4

### III.    ANALYSIS

As set forth above, the existence of a "garden-variety" motion to dismiss is generally insufficient to justify a stay discovery. Although Defendants are correct that some discovery efforts may end up being unnecessary if their Motion to Dismiss is granted, this is true of every motion to dismiss. If the drafters of the Federal Rules of Civil Procedure intended that a Rule 12(b)(6) motion should stay discovery as a matter of course, they would have included a provision to that effect in the Rules; yet they did not. *See, e.g.*, *Williams*, 2010 WL 3522397, at *1–2. Defendants' favorable view of the merits of their Motion to Dismiss is likewise insufficient where, as here, the Court cannot conclude that Plaintiff's claims are frivolous or that it is highly likely that Defendants' Motion to Dismiss will be granted. *See Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-CV-00709, 2017 WL 4868201, at *1-2 (S.D. Ohio May 3, 2017) (citations omitted) (explaining that it is "unpersuasive for a party to rely on the strength of the motion to dismiss in moving for a motion to stay, unless the complaint is clearly frivolous," and that the Court is "not inclined to grant a stay based on one party's view of the strength of its Motion to Dismiss").

However, Defendants are correct that theirs is not a "garden-variety" Rule 12(b)(6) motion because it requires resolution of their qualified immunity defense. "If a defendant moves for dismissal on grounds of qualified immunity, the court must not only determine that issue at the earliest possible moment, but also stay discovery while the motion is under advisement." *Roth v. President & Bd. of Trs. of Ohio Univ.*, No. 2:08-CV-1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir.1993)). Thus, discovery should be stayed as to claims subject to a possible qualified immunity defense.

Yet only some of Plaintiff's claims are subject to a qualified immunity defense. Plaintiff's official-capacity claims for injunctive relief will not be affected by the Court's immunity ruling. As a result, Defendants will be required to respond to discovery regarding the official-capacity claims even if the individual-capacity claims are dismissed on qualified immunity grounds. And the fact that qualified immunity may resolve some of Plaintiff's claims does not require a stay of discovery as to all of Plaintiff's claims. *See Roth*, 2009 WL 2579388, at *3 (collecting cases) ("Most courts faced with this issue have ruled in favor of allowing discovery to proceed on the claims to which qualified immunity does not apply."); *Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 548326, at *3 (S.D. Ohio Feb. 3, 2020) ("The Individual Defendants are not entitled to avoid participating in discovery in the entire action merely because some of Plaintiff's claims against them may be subject to an immunity defense."); *Devers v. Mooney*, No. 3:12-CV-700-S, 2013 WL 3821759, at *3 (W.D. Ky. July 23, 2013) ("[T]he court does not see how any legitimate purpose would be served by staying discovery on those official capacity claims pending the resolution of a defense to the individual capacity claims."). Indeed, every case the Court was able to locate that expressly analyzed the impact of an immunity defense on discovery related to non-immunity-implicated claims has held that such discovery should proceed. Nor have Defendants directed the Court to any caselaw holding otherwise.[1]

In sum, neither the raising of a qualified immunity defense on individual-capacity claims nor the existence of a Rule 12(b)(6) motion to dismiss the official-capacity claims is sufficient

---

[1] Defendants rely on *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993), which found no abuse of discretion by a district court in staying discovery altogether when the plaintiff asserted both individual-capacity claims that were subject to a ruling on qualified immunity and official-capacity claims that were not; however, it appears that neither the district court nor the appellate court noted that qualified immunity would apply to only some of Plaintiff's claims.

grounds to stay discovery as to Plaintiff's official-capacity claims. Therefore, Defendants have established only that discovery should be stayed as to Plaintiff's individual-capacity claims.

## IV.     DISPOSITION

For the foregoing reasons, Defendants' Motion to Stay Discovery (ECF No. 15) is **GRANTED IN PART and DENIED IN PART**. Discovery that pertains only to Plaintiff's individual-capacity claims for money damages is **STAYED** pending the Court's ruling on qualified immunity in resolving Defendants' Motion to Dismiss (ECF No. 7). All other discovery may proceed. The undersigned expresses no opinion as to the appropriateness of Plaintiff's discovery requests and encourages the parties to meet and confer to resolve any discovery disputes. If the parties reach an impasse, they must contact the undersigned's chambers to request an informal discovery conference prior to filing a discovery motion as provided in the Preliminary Pretrial Order (ECF No. 14.)

Additionally, Defendants' request in a footnote in their Reply brief that the Court enter a protective order declaring that neither of the parties is obligated to respond to written discovery requests until disposition of Defendants' Motion to Stay Discovery. (*See* Defs.' Reply 1 n.1, ECF No. 19.) For good cause shown, Defendants' request is **GRANTED**. The parties' deadline for responding to each other's written discovery requests is extended to **SEPTEMBER 19, 2022**. The parties may agree to further extend this deadline without leave of Court.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

7